IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHYLE BRISCOE,

    Petitioner,                      No. CIV S-04-2175 FCD GGH P

    vs.

A.K. SCRIBNER, et al.,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's July 11, 2005, motion to stay proceedings pending further exhaustion in state court. On November 10, 2005, a hearing was held regarding this motion. Stephanie Adraktas appeared on behalf of petitioner. Moona Nandi appeared on behalf of respondent. After carefully considering the record, the court recommends that petitioner's motion be granted.

        Petitioner moves to stay this action pending exhaustion of six new claims. In Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005) the Supreme Court recently held that a habeas petition may only be stayed for further exhaustion if the petitioner can show good cause for his failure to first exhaust his claims in state court. In order to qualify for the stay, petitioner must show "good cause" for the delay and that his claim are not "plainly meritless." Rhines, 125

1

1  S. Ct. at 1535.  What constitutes good cause has not been precisely defined except to indicate at
2  the outer end, that petitioner must not have engaged in purposeful dilatory tactics, id., and that
3  "extraordinary circumstances" need not be found.  Jackson v. Roe 425 F.3d 654, 661 (9th Cir.
4  2005).  See Rhines, 125 S. Ct. at 1536 (Stevens, J., concurring) (the "good cause" requirement
5  should not be read "to impose the sort of strict and inflexible requirement that would trap the
6  unwary pro se prisoner." (internal citation omitted)); see also id. (Souter, J., concurring) (pro se
7  habeas petitioners do not come well trained to address tricky exhaustion determinations)).  A
8  prima facie case of mental retardation has been found to be good cause.  Nance v. Norris,
9  __F.3d__, 2005 WL 3179927 (8th Cir. 2005).  However, in the absence of factors warranting a
10  denial of the stay, a court will abuse its discretion if the stay is not granted.  Id. at 425 F.3d  660.

   In the opposition, respondent argues that petitioner has failed to demonstrate good cause for his failure to previously exhaust his claims.  Respondent further argues that the new claims would be barred by the statute of limitations.

   In one of the new claims, petitioner contends that his Sixth Amendment right to confront witnesses was violated based on newly discovered evidence.  Petitioner alleges in this case that a critical witness to his case recently confessed to a memory impairment—an impairment which he denied when confronted by police with inconsistent statements in the case at issue here.  The issue to be decided at this point is whether petitioner has demonstrated good cause for failing to discover this fact prior to the time it is now being asserted.  Inextricably intertwined in this determination would be a determination of whether the statute of limitations commenced prior to the discovery of the new evidence.  See 28 U.S.C. § 2241(d)(1)(D).

   In the absence of patent facts which warrant a dismissal of the unexhausted claim, the undersigned will not resolve the merits of the petition, or a potential defense, in determining the threshold issue of good cause for an exhaustion stay.  Rather, for a satisfactory showing of good cause, the court will simply require a prima facie case that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs.  In this case,

petitioner has made out such a prima facie case.  Whether petitioner actually would qualify to proceed under the commencement theory of § 2241(d)(1)(D) because of late discovered evidence will be left for another day.

Whether petitioner has demonstrated good cause for his failure to previously exhaust his other new claims is less clear.

Nevertheless, because petitioner has demonstrated good cause for his failure to previously exhaust one of his new claims, there is no good reason not to stay this action while petitioner exhausts all of his new claims.  If the court granted the motion to stay as to only one claim, petitioner would no doubt attempt to simultaneously exhaust the other claims.  That some or all of the new claims may be later found to be barred by the statute of limitations does not alter this finding.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's July 11, 2005, motion to stay proceedings be granted and that this action be administratively stayed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/21/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
bris2175.sta

3