1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KHYLE BRISCOE,

11           Petitioner,                No. CIV S-04-2175 FCD GGH P

12       vs.

13   A.K. SCRIBNER, et al.,             ORDER AND

14           Respondent.                FINDINGS AND RECOMMENDATIONS

15   _____/

16           Petitioner is a state prisoner proceeding through counsel with a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's May 8,

18   2008, motion to stay proceedings pending exhaustion of claim 7.  In the alternative, petitioner

19   requests to amend the petition to delete the unexhausted claim.  For the following reasons, the

20   motion to amend is granted and the court recommends that the motion to stay be denied.

21   Background

22           On October 15, 2004, petitioner, proceeding pro se, filed the original petition.  On

23   November 19, 2004, the court appointed counsel to represent petitioner.  On July 11, 2005,

24   petitioner filed a motion to stay proceedings pending exhaustion of additional claims.  On

25   December 21, 2005, the court recommended that the motion to stay be granted.  On March 3,

26   2006, the Honorable Frank C. Damrell adopted these findings and recommendations.

1    On September 15, 2006, petitioner filed a motion to reopen the case and a motion

2    to file an amended petition.  In opposition, respondent argued that the newly exhausted claims

3    were barred by the statute of limitations and did not relate back.  On February 14, 2007, the court

4    granted the motion to reopen the case and recommended that the motion to amend be granted as

5    to certain claims and denied as to others.  On April 5, 2007, the district court adopted the

6    findings and recommendations.

7    On July 27, 2007, respondent filed a motion to dismiss on grounds that claims 1,

8    2, 3, 4, and 7 were not exhausted.  At oral argument, respondent conceded that claims 2, 3, and 4

9    were exhausted.  On February 22, 2008, the court recommended that the motion to dismiss be

10   denied as to claim 1 and granted in part as to claim 7.

11   Claim 7 alleged that two statements petitioner made were taken in violation of

12   Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966) and that he was denied a full and fair

13   hearing as to these issues in state court.  This court found that the petition for review did not

14   clearly raise a claim alleging that petitioner's statements were taken in violation of Miranda:

15       Petitioner may challenge the findings of fact made regarding this claim, for
         example, demonstrating that he did not receive a full and fair hearing in state
16       court regarding the issue.  By merely challenging the procedures used by the state
         court to evaluate his Miranda claim, petitioner does not exhaust this claim.  A
17       finding by the California Supreme Court that the correct procedures were
         followed in evaluating petitioner's Miranda claim does not necessarily address the
18       issue of whether a Miranda violation occurred.

19   February 22, 2008, findings and recommendations, p. 8.

20   On April 10, 2008, the district court adopted these findings and recommendations.

21   On May 8, 2008, petitioner filed the pending motion to stay proceedings.

22   Petitioner requests that this action be stayed pending exhaustion of the unexhausted portion of

23   claim 7.

24   In Rhines v. Weber, 554 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court

25   found that a stay and abeyance of a mixed petition should be available only in the limited

26   circumstance that good cause is shown for a failure to have first exhausted the claims in state

2

1   court, that the claim or claims at issue potentially have merit, and that there has been no

2   indication that petitioner has been intentionally dilatory in pursuing the litigation.  Rhines, 554

3   U.S. at 277-78, 125 S.Ct. at 1535.

4           Prior to Rhines, the Ninth Circuit required that only a petition containing solely

5   exhausted claims could be stayed.  See Calderon v. U.S.D.C. (Taylor), 134 F.3d 981, 984-85 (9th

6   Cir. 1998).  A stay pursuant to Taylor involved a three step procedure: 1) amendment by the

7   petitioner of the mixed petition to remove unexhausted claims; 2) the district court stays and

8   holds in abeyance the amended fully exhausted petition; and 3) the petitioner re-amends the

9   petition to add newly-exhausted claims following state court litigation.  Robbins v. Carey, 481

10  F.3d 1143, 1148-1149 (9th Cir. 2007).  Pursuant to Taylor, a stay was appropriate where there

11  was no intention on the part of the petitioner to delay or harass and the stay would avoid

12  piecemeal litigation.  Taylor, 134 F.3d at 988 n. 11.

13          The Ninth Circuit has questioned, but not resolved, whether the standards set forth

14  by the United States Supreme Court in Rhines apply where the petitioner seeks to stay a fully

15  exhausted petition.  See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  The Ninth Circuit

16  noted that Rhines held that the district court authorized stays of mixed petitions in limited

17  circumstances.  Id. at 660.  The Ninth Circuit suggested that the "three-step stay-and-abeyance

18  procedure approved in Taylor and Kelly" might still be valid.  Id.

19          In the instant case, petitioner states that it is unclear whether the amended petition,

20  following the April 10, 2008, order finding claim 7 unexhausted, is a mixed or exhausted

21  petition.  Petitioner states that it is unclear whether the April 10, 2008, order excised claim 7.  If

22  it did, petitioner argues, then the petition is exhausted and the less stringent standards for holding

23  actions in abeyance, set forth in Taylor, supra, should be applied.

24          This court finds it highly unlikely that the Supreme Court or the Ninth Circuit

25  would apply different standards to motions seeking to stay mixed versus exhausted petitions.  To

26  do so would verge on non-sensical.  While the Ninth Circuit in Jackson v. Roe left this issue

3

1   open, that was because it did not have an exhausted petition in front of it.  Accordingly, whether

2   the district court excised claim 7 or not is not relevant because the standard set forth in Rhines is

3   applicable regardless.

4           This court finds that the criteria utilized in Pioneer Inv. Services v. Brunswick

5   Associates, 507 U.S. 394, 113 S.Ct. 1489 (1993) in defining "excusable neglect" works well with

6   the good cause references in Rhines.  That is, the court will look to such factors as prejudice to

7   the non-moving party, length of the delay and its effect on efficient court administration, whether

8   the delay was caused by factors beyond the control of the movant, and good faith.  Id. at 386,

9   396, 113 S.Ct. at 1493, 1498.  The fact that counsel was even negligent does not per se disqualify

10  counsel from a finding of excusable neglect.  Id. at 394-395, 113 S.Ct. at 1498.  However,

11  whether it is inappropriate to penalize a client for the actions of his lawyer is not a factor to be

12  considered.  Id. at 396, 113 S.Ct. at 1499.

13          In the instant case, respondent does not specifically address the issue of prejudice.

14  Nevertheless, the court finds that the further delay in the resolution of this action should the court

15  grant petitioner's motion would prejudice respondent, although not significantly.  However,

16  granting petitioner's motion would significantly prejudice the court by interfering with the

17  court's efficient administration.  This action has been pending for almost four years.  Further

18  delay in the resolution of this action is prejudicial to the court.

19          Petitioner argues that the lawyer who filed the petition for review which argued

20  that he did not receive a full and fair hearing in state court believed in good faith that he was

21  raising the Miranda claim because state pleading requirements are different.  Petitioner states that

22  California Rule of Court 8.504 provides that petitions for review must contain a "non

23  argumentative statement of the issues presented for review, framing them in terms of the facts of

24  the case but without unnecessary detail."  Petitioner argues that the pleading standards for federal

25  habeas corpus petitions are much higher.

26  /////

1    The different pleading standards for state petitions for review and federal habeas

2 petitions do not constitute "good cause" for counsel's failure to raise the <u>Miranda</u> claim.  As

3 discussed in the February 22, 2008, findings and recommendations, petitioner's state appellate

4 counsel did not fairly present this claim.  As phrased, it did not put the California Supreme Court

5 on notice that he was raising this claim.   The pleading standards have nothing to do with

6 counsel's failure to raise the claim.

7    For the reasons discussed above, the court finds that petitioner has not

8 demonstrated good cause for his failure to previously exhaust claim 7 in its entirety.

9 Accordingly, the motion to stay should be denied.

10    Petitioner requests that if the court denies the motion to stay, he be allowed to

11 proceed with the proposed amended petition attached to the motion to stay, which contains only

12 the exhausted claims, including the portion of claim 7 found exhausted by the court in the

13 February 22, 2008, findings and recommendations.  At the conclusion of the June 19, 2008,

14 hearing, the parties stipulated that the unexhausted portion of claim 7 is excised from the

15 September 15, 2006, amended petition.  Accordingly, the motion to amend is denied as

16 unnecessary.

17    Accordingly, IT IS HEREBY ORDERED that:

18    1.  Petitioner's May 8, 2008 (#57) motion to file a second amended petition is

19 denied as unnecessary;

20    2. Within thirty days of the date of this order, respondent shall file an answer to

21 the amended petition; petitioner's reply is due within thirty days thereafter;

22    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's May 8, 2008 (#

23 57), motion to stay proceedings be denied.

24    These findings and recommendations are submitted to the United States District

25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

26 days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3  shall be served and filed within ten days after service of the objections.  The parties are advised

4  that failure to file objections within the specified time may waive the right to appeal the District

5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:  07/17/08

                                              /s/ Gregory G. Hollows

7                                         _____

8                                         UNITED STATES MAGISTRATE JUDGE

9

10  bri2175.sta

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26